UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE BLEAU,

       Plaintiff,            CIVIL ACTION NO. 04-CV-73063-DT

  v.                       DISTRICT JUDGE DENISE PAGE HOOD

                            MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work providing a sit-stand option.

                          *   *   *

Plaintiff filed an application for Social Security disability insurance benefits on August 28, 2001, alleging that he had become disabled and unable to work on March 5, 2001, at age 46, due to back and neck pain as well as mental depression. Benefits were denied by the Social Security Administration. A requested *de novo* hearing was held on May 29, 2003, before Administrative Law Judge (ALJ) John Ransom. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work providing a sit-stand option. The ALJ restricted

claimant from repetitive bending, twisting, turning, pushing or pulling. The Law Judge also found that Plaintiff could not repetitively turn his neck or do any overhead work. The Law Judge further determined that Plaintiff was limited to simple, repetitive job duties. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 48 years old at the time of the administrative hearing (TR 253). He had been graduated from high school, and had been employed during the relevant past as an automobile assembler (TR 73, 254). As an assembler, he did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 75 pounds on a regular basis (TR 65). Claimant stopped working [1] for General Motors in March 2001, due to severe pain in his back, neck, shoulders and legs (TR 255). Plaintiff testified that he remained disabled as a result of severe joint pain that prevented him from standing or walking for prolonged periods (TR 259). He estimated that he could sit for approximately 3 hours and stand for 2 hours before needing to change position (TR 259-260). Pain medications and physical therapy provided only temporary relief, and he had to lie down for several hours each day (TR 255-256, 261). Other impairments which allegedly prevented claimant from returning to

---

[1] At the time of the hearing, Plaintiff was receiving $1885.00 a month in workers' compensation benefits (TR 266).

2

work included mental depression, irritability, poor concentration and chronic fatigue (TR 263-264). Plaintiff was allegedly unable to do any household chores, but could drive an automobile up to 100 miles before needing to rest (TR 258, 265). Claimant spent his days at home watching television, reading books and newspapers, and visiting friends and neighbors (TR 84-90).

A Vocational Expert, Judith Findora, classified Plaintiff's past work as light to medium, unskilled activity (TR 266). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted (TR 267).[2] If he were capable of sedentary work, however, there were numerous unskilled assembly, clerical, machine operation, sorting, and surveillance monitoring jobs that he could perform with minimal vocational adjustment (TR 267). These jobs provided a sit-stand option, and did not require working above shoulder level. Bending, twisting, turning, pushing, pulling or neck turning were kept to a minimum. The jobs did not require performing complex tasks (TR 267-268).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of degenerative disc disease, cervical and lumbar radiculopathy, chronic right epicondylitis and mental depression, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of

---

[2]The witness opined that claimant's alleged need to lie down for most of the day would preclude all work activity (TR 267).

Impairments.  The ALJ recognized that claimant's joint pain prevented him from sitting or standing for prolonged periods or working above shoulder level. The Law Judge found that Plaintiff could not repetitively turn his neck or do any bending, twisting, turning, pushing or pulling. The Law Judge further determined that Plaintiff could not perform complex tasks.  Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667

4

F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that he remains capable of performing a limited range of sedentary work activity. He also argues that the ALJ improperly evaluated his credibility, and did not take into consideration all of his functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of his joint pain or mental depression.

## DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work providing a sit-stand option. Contrary to Plaintiff's assertion, the medical evidence did not support his allegations of disabling joint pain.

Objective tests indicated that the claimant had only mild to moderate spinal disc bulging, and he did not experience any significant neurological deficits (TR 126, 134-137, 241). A lumbar

MRI in April 2001, did not show any recurrent disc herniation or spinal stenosis (TR 136). Dr. Gavin Awerbuch, a treating physician, confirmed on March 29, 2001, that claimant's past work as a automotive worker had aggravated his back condition. However, the doctor indicated that Plaintiff could return to work with restrictions, though he mentioned that suitable jobs were not available at General Motors (TR 124). While Plaintiff asserts that the side effects from pain medications made him too tired to work on a regular basis (Plaintiff's Brief at p. 14), Dr. Awerbuch reported in January 2003, that pain medications had worked well to control claimant's pain and helped improved his overall function (TR 239). The treating doctor added that Plaintiff had no side effects from his medications (TR 239).

The claimant maintains that the Law Judge erred by failing to adequately address his limitations in the areas of climbing, stooping, kneeling, crouching and crawling (Plaintiff's Brief at pp 8-9). The ALJ did, in fact, limit Plaintiff to sedentary work that did not involve repetitive bending, twisting, turning, pushing or pulling. The Law Judge also restricted claimant to jobs that did not require repetitive movement of the neck (TR 22-23). The ALJ reasonably determined that Plaintiff's functional limitations did not prevent him from performing an appropriately restricted range of sedentary work, as that work is defined by the Commissioner's rulings and regulations.

Contrary to Plaintiff's assertion, the Law Judge also took into consideration the claimant's mental depression.  After noting a treating source report that the depression had responded

6

well to Prozac (TR 20, 138), the ALJ also determined that Plaintiff had sufficient concentration to fill out forms, read with understanding, and participate in a union grievance against his former employer. The claimant was also able to drive, handle a lawn mower and take medications without assistance (TR 21). When evaluating Plaintiff's residual mental functional capacity, the Law Judge also took into consideration the opinion of Dr. Paul Liu, a state agency consulting psychiatrist,[3] who concluded in December 2001, that the claimant could perform unskilled, sedentary work as long as he was not given detailed job instructions requiring extensive concentration (TR 175). That assessment was shared by Dr. Larry Kravitz, an examining psychologist who interviewed claimant in January 2002, and concluded that Plaintiff remained mentally capable of simple, routine work (TR 193). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from his mental difficulties were not fully credible.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was

---

[3] Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404 .1527(f)(2)(i) (2004).

the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions [4]. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled assembly, clerical, machine operation, sorting, and surveillance monitoring jobs that he could perform with minimal vocational adjustment (TR 267). These jobs provided a sit-stand option, and

---

[4]Contrary to Plaintiff's assertion, the Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described his moderate limitations caused by depression and his need for a sit-stand option. The VE testified that the numerous assembly, clerical, machine operation, sorting, and surveillance monitoring jobs did not require performing complex tasks and allowed workers to sit or stand periodically throughout the day (TR 267-268). The Sixth Circuit recently held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

8

did not involve working above shoulder level.  They did not involve any bending, twisting, turning, pushing, pulling or neck turning. The jobs did not require performing complex tasks (TR 267). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District

<u>Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

<u>s/Donald A. Scheer</u><br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: May 13, 2005

___

### CERTIFICATE OF SERVICE

I hereby certify on May 13, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 13, 2005. None.

<u>s/Michael E. Lang</u><br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217